The Law Office of John F. Olsen, LLC
John F. Olsen (JO 8553)
PO Box 29
247 Franklin Avenue
Nutley, New Jersey 07110
(973) 667-7770

Paul Gregory, Esq.
Gregory Legal Group
355 Madison Avenue, Lower Level
Morristown, N.J. 07960
(973) 559-5915
*Attorneys for Plaintiff Quantum Clean Energy Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QUANTUM CLEAN ENERGY SOLUTIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MERCURY SOLAR SYSTEMS, INC.,**<br><br>**Defendant.** | **Civil Action No.**<br><br>**COMPLAINT** |

Plaintiff Quantum Clean Energy Solutions, LLC, for its complaint against defendant Mercury Solar Systems, Inc., alleges as follows:

1. Plaintiff Quantum is a limited liability company duly organized and existing under the laws of the State of New Jersey, with its principal place of business at 10 Deerfield Road, Mendham, New Jersey 07945.

2. Defendant Mercury is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 36 Midland Avenue, Port Chester, NY 10573.

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

section 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. section 1391(a)(2) as a substantial part of the events giving rise to these claims occurred in this District.

5. Quantum is an energy company and its main business is advising building owners and property managers on energy efficiency. Quantum also conducts and arranges energy audits and building retrofitting to maximize energy conservation and efficiency.

6. Mercury is also an energy company. Among other things, Mercury engineers, sells and installs solar energy systems.

7. On or about May 17, 2010, the parties entered into a written Referral Agreement under which Quantum would introduce potential customers to Mercury in exchange for a referral fee if the introduced customers became customers of Mercury.

8. Quantum introduced several potential customers to Mercury. Mercury accepted Quantum's referrals and at least five of those introduced parties became Mercury customers.

9. Mercury made partial payments to Quantum for the introductions made under the Referral Agreement, but Mercury has not paid Quantum the full amount due. Mercury currently owes Quantum $80,817.47 plus fees and costs. This amount is past due and Quantum has demanded that Mercury pay the amount in full.

10. Mercury refuses to make any additional payments to Quantum.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

11. Plaintiff Quantum hereby incorporates and realleges paragraphs 1 through 10 as though fully set forth herein.

12. Quantum fulfilled all of its obligations under the Referral Agreement.

13. Mercury has breached the Referral Agreement by failing to pay Quantum the full amount of fees due under the agreement.

14. Quantum has been damaged by Mercury's breach of contract in an amount to be proven at trial, but in excess of $80,817.47.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment/Quasi-Contract)**

15. Plaintiff Quantum hereby incorporates and reallege paragraphs 1 through 10, as though fully set forth herein.

16. Quantum introduced potential customers to Mercury with the understanding that Mercury would pay a referral fee if Quantum's introductions became Mercury customers.

17. Mercury accepted referrals from Quantum and understood that Quantum expected payment if those referrals became Mercury customers.

18. At least five of the referrals Quantum introduced to Mercury became Mercury customers and those customers paid Quantum for the services and goods it provided.

19. Quantum has demanded that Mercury pay the full amount due as a result of the referrals, but Mercury has refused.

20. Mercury has been unjustly enriched by its refusal to pay Quantum the full amount due as a result of Quantum's introductions.

**THIRD CLAIM FOR RELIEF**
**(Conversion)**

21. Plaintiff Quantum hereby incorporates and reallege paragraphs 1 through 10, as though fully set forth herein.

22. Mercury is in possession of funds to which Quantum has a superior right of possession.

23. As a direct and proximate result of Mercury's conduct, Quantum has been damaged

in that it has been denied the possession and use of funds that rightfully belong to it.

**FOURTH CLAIM FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

24. Plaintiff Quantum hereby incorporates and realleges paragraphs 1 through 10 and 14 through 23 as though fully set forth herein.

25. A covenant of good faith and fair dealing exists in every contract under New Jersey law, including the Marketing Agreement.

26. By its conduct in accepting referrals made by Quantum and refusing to pay referral fees, Mercury has breached the implied covenant of good faith and fair dealing in the Referral Agreement.

27. As a direct and proximate result of Mercury's breach, Quantum has been damaged in that it provided services to Mercury and has not been paid for those services.

WHEREFORE, plaintiff Quantum demands judgment in its favor and against defendant Mercury as follows:

a). On all Claims for Relief, for an award of compensatory damages in an amount to be proven at trial, but in excess of $80,817.47, plus interest thereon;

b). On its Second and Third Claims for Relief, for order requiring Mercury to pay Quantum the full amount due plus interest;

c). On its Third Claim for Relief, for an award of punitive damages; and

d). An award of attorneys fees, costs of suit, and such other and further relief as this court

deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: May 9, 2012

The Law Office of John F. Olsen, LLC
PO Box 29
247 Franklin Avenue
Nutley, New Jersey 07110
(973) 667-7770

By: *_/s/ John F. Olsen_*
John F. Olsen, Esq.
*Attorney for Plaintiff Quantum Clean Energy Solutions, LLC*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

It is hereby certified that the matter in controversy is not the subject of any other pending action in any court, nor is it the subject of any pending arbitration or administrative proceeding.

Date: May 9, 2012

*_/s/ John F. Olsen_*
John F. Olsen, Esq. (JO 8553)