<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| QUANTUM CLEAN ENERGY SOLUTIONS, LLC, | : : : : : : : : : : : | Civil Action No. 12-2820 (SRC) |
| Plaintiff, | | **OPINION & ORDER** |
| v. | | |
| MERCURY SOLAR SYSTEMS, INC., | | |
| Defendants. | | |

<u>**CHESLER**</u>, District Judge

This motion comes before the Court on two motions: 1) the motion for summary judgment and to amend the Complaint to add real parties in interest by Plaintiff Quantum Clean Energy Solutions, LLC ("Quantum"); and 2) the motion for summary judgment by Defendant Mercury Solar Systems, Inc. ("Mercury"). For the reasons stated below, Plaintiff's motion to amend will be granted, and the motions for summary judgment will be denied.

This case arises from a contract dispute between the parties. Plaintiff first moves to amend the Complaint to substitute Michael Fabrizio, John Cafaro, Mark Horan, and Quantum Energy Partners, LLC as Plaintiffs (the "Assignment Plaintiffs"). Plaintiff contends that Quantum was dissolved as an entity prior to the filing of the Complaint, and that the claims at issue were assigned to the Assignment Plaintiffs, who should be substituted for Quantum as Plaintiffs. Mercury, in opposition, argues that allowing amendment after the close of discovery is unwarranted and highly prejudicial.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave

when justice so requires." Among the reasons which may justify denial of a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

While this Court agrees that Mercury could conceivably be prejudiced by allowing this amendment after the close of discovery, that problem is remedied by allowing discovery to be reopened. Mercury has not argued that the reopening of discovery would not cure whatever prejudice it may have suffered. Nor does this Court perceive that it would then remain prejudiced. As the Third Circuit has held:

> [P]rejudice to the nonmoving party is the touchstone for the denial of the amendment. A mere claim of prejudice is not sufficient; there must be some showing that [defendant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.

Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990) (citations omitted). Mercury has made no such showing here. If the parties are given the opportunity to conduct discovery regarding the alleged assignment, this Court does not see how Mercury would be unfairly disadvantaged. The motion to amend will be granted, and discovery will be reopened, limited to the subject of the circumstances of the alleged assignment.

Neither motion for summary judgment may be decided at this juncture. The parties will need to conduct discovery on the question of the assignment of the contract before they will be in a position to litigate the claims in the Complaint. Both motions for summary judgment will be denied without prejudice and may be renewed after the completion of discovery.

For these reasons,

**IT IS** on this 11th day of August, 2014, hereby

**ORDERED** that Quantum's motion to amend and for summary judgment (Docket Entry No. 27) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Quantum's motion for leave to amend the Complaint is **GRANTED**, and Quantum may file an Amended Complaint, substituting the Assignment Plaintiffs, within 10 days of the date of entry of this Order; and it is further

**ORDERED** that Quantum's motion for summary judgment (Docket Entry No. 27) is **DENIED** without prejudice; and it is further

**ORDERED** that Mercury's motion for summary judgment (Docket Entry No. 28) is **DENIED** without prejudice; and it is further

**ORDERED** that discovery is reopened for a period of 90 days from the date of entry of this Order, and the parties are directed to immediately contact Magistrate Judge Waldor to schedule discovery on this limited issue and to schedule any further proceedings.

                                                  s/ Stanley R. Chesler
                                                  Stanley R. Chesler, U.S.D.J