The Law Office of John F. Olsen, LLC
John F. Olsen
Anna J. Vecchi
33 Plymouth Street, Suite 108
Montclair, New Jersey 07042
(973) 669-4001

Attorneys for John Cafaro, Michael Fabrizio, Mark Horan
and Quantum Energy Partners, as successors-in-interest
to Quantum Clean Energy Solutions, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN CAFARO, MICHAEL FABRIZIO, MARK HORAN AND QUANTUM ENERGY PARTNERS, LLC, as successors-in-interest to QUANTUM CLEAN ENERGY SOLUTIONS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MERCURY SOLAR SYSTEMS, INC.,**<br><br>**Defendant.** | **Civil Action No. 2:12-CV-02820 (SRC)(CLW)**<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs John Cafaro, Michael Fabrizio, Mark Horan and Quantum Energy Partners, LLC, as successors-in-interest to Quantum Clean Energy Solutions, LLC, for their complaint against defendant Mercury Solar Systems, Inc., alleges as follows:

1. Plaintiffs John Cafaro, Michael Fabrizio and Mark Horan are individuals residing in Morris County, New Jersey.

2. Plaintiff Quantum Energy Partners is a limited liability company duly organized and existing under the laws of the State of New Jersey, with its principal place of business at 10 Deerfield Road, Mendham, New Jersey 07945.

3. From February 5, 2009 until August 31, 2011, Quantum Clean Energy Solutions,

LLC, ("Quantum") was a limited liability company duly organized and existing under the laws of the State of New Jersey. On or around August 5, 2011, Quantum assigned all its rights, interests and obligations, including its receivables and the claims asserted in this litigation, to Cafaro, Fabrizio, Horan and Quantum Energy Partners, LLC (collectively, "QEP").

4. Defendant Mercury is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 36 Midland Avenue, Port Chester, NY 10573.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. section 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. section 1391(a)(2) as a substantial part of the events giving rise to these claims occurred in this District.

7. Quantum was an energy company and its main business is advising building owners and property managers on energy efficiency. Quantum also conducted and arranged energy audits and building retrofitting to maximize energy conservation and efficiency.

8. Mercury is an energy company. Among other things, Mercury engineers, sells and installs solar energy systems.

9. On or about May 17, 2010, the Quantum and Mercury entered into a written Referral Agreement under which Quantum would introduce potential customers to Mercury in exchange for a referral fee if the introduced customers became customers of Mercury.

10. Quantum introduced several potential customers to Mercury. Mercury accepted Quantum's referrals and at least five of those introduced parties became Mercury customers.

11. Mercury made partial payments to Quantum for the introductions made under the

Referral Agreement, but Mercury never Quantum the full amount due. At the time Quantum assigned its rights under the Referral Agreement to plaintiffs, Mercury owed Quantum $80,817.47 plus fees and costs. This amount remains past due and Quantum and plaintiffs have demanded that Mercury pay the amount in full.

12. Mercury refuses to make any additional payments under the contract.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

13. Plaintiffs hereby incorporate and reallege paragraphs 1 through 12 as though fully set forth herein.

14. Quantum fulfilled all of its obligations under the Referral Agreement.

15. Mercury has breached the Referral Agreement by failing to pay Quantum or plaintiffs the full amount of fees due under the agreement.

16. Quantum was damaged by Mercury's breach of contract in an amount to be proven at trial, but in excess of $80,817.47.

17. Plaintiffs, as Quantum's successors-in-interest by assignment, may enforce the Referral Agreement and recover damages for its breach.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment/Quasi-Contract)**

18. Plaintiffs hereby incorporate and reallege paragraphs 1 through 12 as though fully set forth herein.

19. Quantum introduced potential customers to Mercury with the understanding that Mercury would pay a referral fee if Quantum's introductions became Mercury customers.

20. Mercury accepted referrals from Quantum and understood that Quantum expected payment if those referrals became Mercury customers.

21. At least five of the referrals Quantum introduced to Mercury became Mercury

customers and those customers paid Quantum for the services and goods it provided.

22. Quantum and plaintiffs have demanded that Mercury pay the full amount due as a result of the referrals, but Mercury refused.

23. Mercury has been unjustly enriched by its refusal to pay Quantum or plaintiffs the full amount due as a result of Quantum's introductions.

**THIRD CLAIM FOR RELIEF**
**(Conversion)**

24. Plaintiffs hereby incorporate and reallege paragraphs 1 through 12 as though fully set forth herein.

25. Mercury is in possession of funds to which plaintiffs have a superior right of possession.

26. As a direct and proximate result of Mercury's conduct, plaintiffs have been damaged in that it has been denied the possession and use of funds that rightfully belong to them.

**FOURTH CLAIM FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

27. Plaintiffs hereby incorporate and reallege paragraphs 1 through 12 as though fully set forth herein.

28. A covenant of good faith and fair dealing exists in every contract under New Jersey law, including the Referral Agreement.

29. By its conduct in accepting referrals made by Quantum and refusing to pay referral fees, Mercury has breached the implied covenant of good faith and fair dealing in the Referral Agreement.

30. As a direct and proximate result of Mercury's breach, Quantum was damaged in that Quantum provided services to Mercury and neither Quantum nor plaintiffs have been paid for

those services.

WHEREFORE, plaintiffs demand judgment in their favor and against defendant Mercury as follows:

a). On all Claims for Relief, for an award of compensatory damages in an amount to be proven at trial, but in excess of $80,817.47, plus interest thereon;

b). On the Second and Third Claims for Relief, for order requiring Mercury to pay plaintiffs the full amount due plus interest;

c). On the Third Claim for Relief, for an award of punitive damages; and

d). An award of attorneys fees, costs of suit, and such other and further relief as this court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Date: August 20, 2014

The Law Office of John F. Olsen, LLC
John F. Olsen
Anna J. Vecchi
33 Plymouth Street, Suite 108
Montclair, New Jersey 07042
(973) 669-4001

By: /s/ *John F. Olsen*
John F. Olsen, Esq.

Attorneys for John Cafaro, Michael Fabrizio, Mark Horan and Quantum Energy Partners, as successors-in-interest to Quantum Clean Energy Solutions, LLC