<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| QUANTUM CLEAN ENERGY SOLUTIONS, LLC, : : : Plaintiff, : : v. : : MERCURY SOLAR SYSTEMS, INC., : : Defendants. : : | Civil Action No. 12-2820 (SRC)  OPINION |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on two motions: 1) the motion for summary judgment by Defendant Mercury Solar Systems, Inc. ("Mercury"); and 2) the cross-motion for summary judgment by Plaintiffs John Cafaro, Michael Cabrizio, Mark Horan, and Quantum Energy Partners, LLC (collectively, "Quantum"). For the reasons stated below, Plaintiffs' motion for summary judgment will be granted, and Defendant's motion for summary judgment will be denied.

This case arises from a contract dispute between the parties. There is no dispute that Mercury entered into a contract with a now-dissolved entity, Quantum Clean Energy Solutions, LLC ("QCES"). The principals of QCES were John Cafaro, Michael Cabrizio, Mark Horan and Chris Miller, now deceased. Mercury owes QCES money, pursuant to the contract. QCES has since dissolved. The first phase of this litigation has turned on a dispute over whether Plaintiffs are entitled to enforce the contract and collect the payments due QCES under the contract. Plaintiffs contend that QCES assigned those rights to them orally before dissolving; Mercury

contends that there was no assignment and, consequently, Plaintiffs have no right to collect. Defendant now moves for summary judgment on the existence of a valid assignment.

Plaintiffs bear the burden of proof of the assignment. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Mercury, as the movant without the burden of proof at trial, satisfies its initial summary judgment burden by pointing to the absence of evidence of the assignment.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). Plaintiffs point to the affidavit of Michael Fabrizio, which states: "Prior to dissolving QCES, the remaining principals of QCES assigned the rights to QCES's receivables to themselves and to QEP." (Fabrizio 7/3/15 Cert. ¶ 18.) As to the existence of the assignment, this evidence is sufficient to allow a jury to find in favor of Plaintiffs at trial.

In moving for summary judgment, Mercury also argues that the assignment is invalid because one member of the LLC, Chris Miller, did not consent to it.[1] Mercury points to the former N.J. Stat. Ann. § 42:2B-44, since repealed, which states:

---

[1] In Mercury's reply brief, however, Mercury states that it does not contest the validity of the assignment but, rather, its existence. It seems that Mercury abandoned this argument in challenging the validity of the assignment.

> a. A limited liability company interest is assignable in whole or in part except as provided in an operating agreement. The assignee of a member's limited liability company interest shall have no right to participate in the management of the business and affairs of a limited liability company except as provided in an operating agreement and upon:
>
> (1) The approval of all of the non-assigning members of that interest, if any, of the limited liability company . . .

Mercury has confused the issues. Plaintiffs do not contend that Plaintiffs assigned their membership interests in the LLC to someone. Rather, Plaintiffs contend that QCES, as a contracting party, assigned to them its rights to the specific contract in question. Chris Miller's membership interest in QCES is not at issue, nor is his consent to any transfer of membership interest at issue; former N.J. Stat. Ann. § 42:2B-44 does not apply. Rather, it appears that three out of the four members of QCES, prior to dissolution of the LLC, agreed to assign to Plaintiffs certain specific contractual rights which belonged to QCES. This would have been an ordinary business decision authorized by a majority of the members of the LLC. Mercury has provided no legal basis to find that the three members did not have the authority and power to assign these specific contractual rights.

In the alternative, Mercury argues that any assignment of rights under the contract is barred by an anti-assignment provision. The parties do not dispute that the contract contained this provision barring assignment without the prior consent of the other contracting party: "Except as expressly indicated otherwise, no Party may assign this Agreement (or any rights or obligations hereunder) without the prior written consent of the other Party." (Fabrizio Cert. Ex. 1 § 10.A.) Plaintiffs argue that, under New Jersey law, the anti-assignment provision would not bar the assignment in question, citing the New Jersey Supreme Court's decision in Owen v. Cna Ins./Continental Cas. Co., 167 N.J. 450, 460 (2001). In that case, the Court held that New Jersey

3

law follows the Restatement (Second) of Contracts § 322, which states:

> (2) A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested,
>
>   (a) does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation . . .

Plaintiffs contend that QCES assigned a right arising out of the assignor's due performance of his entire obligation. In Owen, the New Jersey Supreme Court held that, to bar such an assignment, an anti-assignment provision must "manifest an intent to the contrary with specificity."

> To meet that standard, the non-assignment provision generally must state that non-conforming assignments (i) shall be "void" or "invalid," or (ii) that the assignee shall acquire no rights or the non-assigning party shall not recognize any such assignment. In the absence of such language, the provision limiting or prohibiting assignments will be interpreted merely as a covenant not to assign.

167 N.J. at 461. The anti-assignment provision in the contract does not meet this standard. Pursuant to Restatement (Second) of Contracts § 322(a), the anti-assignment provision did not operate to bar the assignment of the right to bring the claims in the present action.

Plaintiffs have pointed to evidence that QCES assigned its rights under the contract at issue to them. Mercury has pointed to no evidence which raises a material factual dispute. Plaintiffs have defeated Mercury's motion for summary judgment, which will be denied.

Plaintiffs move for summary judgment on all claims and counterclaims. Plaintiffs have shown that they are entitled to judgment as a matter of law that, by virtue of the assignment, they have the right to bring their claims against Mercury. As to the remaining issues, Mercury points to evidence that, Mercury argues, raises a factual dispute over who breached and the amount of damages.

Mercury points to two pieces of evidence: 1) the deposition testimony of Jared Haines; and 2) an interrogatory answer by Mercury.  As to the Haines deposition, Haines states that Chris Miller told him that Quantum was utilizing Mercury's information.  (Haines Dep. 18:13-19:5.)  This is hearsay and does not fall within any available exception to Federal Rule of Evidence 802.  As to the interrogatory answer, made by Mercury, it states that Miller told the same thing to Ashlee Branan.  (Scrivo Dec. Ex. A ¶ 18.)  Mercury does not point to any affidavit or testimony from Branan but, even if it had, that would appear to be inadmissible hearsay as well.

Mercury has pointed to no admissible evidence that QCES breached the contract.  It thus has nothing to support its contention that QCES breached the contract and that it is entitled to damages for the breach.  Mercury has failed to point to evidence which raises any material factual dispute in regard to Plaintiffs' motion for summary judgment on all claims and counterclaims in this case.  Plaintiffs have shown that, pursuant to Federal Rule of Civil Procedure 56, they are entitled to judgment as a matter of law.  Plaintiffs' motion for summary judgment is granted in its entirety.  Judgment shall be entered in favor of Plaintiffs on all claims in the Complaint and all counterclaims, and Plaintiffs shall be awarded $80,817.47, plus interest, attorney's fees, costs and disbursements.[2]

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

Dated: August 27, 2015

---

[2] Mercury concedes that the contract expressly provides for an award of attorney's fees and costs to a prevailing party in any legal action.  (Def.'s Br. 20.)